UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUCOB RYLANDER,<br><br>                          Plaintiff,<br><br>-against-<br><br>MARY ELIZONDO FRAZIER; ARCHER SYSTEMS LLC; BRENT COON & ASSOCIATES,<br><br>                          Defendants. | 25-CV-8793 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Houston, Texas, brings this action *pro se*. Plaintiff asserts claims against Mary Elizondo Frazier, who is alleged to be a Texas attorney and partner at Bradley Arant Boult Cummings LLP's Texas office and who served as lead counsel for Archer Systems LLC in the Wharton County Qualified Settlement Fund (QSF) proceedings.[1] Plaintiff invokes the civil Racketeer Influenced and Corrupt Organizations Act (RICO) Act, the First and Fourteenth Amendments, and state law. For the following reasons, this action is transferred to the United States District Court for the Southern District of Texas.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

---

[1] Plaintiff already has a pending action in the Southern District of Texas against Frazier and Bradley Arant Boult Cummings LLP, arising out of his claim that he had been entitled to a higher amount from the Wharton County QSF. *Rylander v. Frazier*, No. 4:25-CV-02081 (S.D. Tx.).

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The civil RICO Act has a specific venue provision. RICO claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

Here, Plaintiff brings claims that he was deprived of more than $1.1 million in settlement proceeds from litigation in Texas and that an order from an action in Wharton County, Texas, which he refers to as "the Wharton order," was used to portray Plaintiff as a vexatious litigant in other proceedings in Texas. He asserts that venue is proper in this district because Defendants transmitted the allegedly "fraudulent" court order to non-party Intercontinental Terminals Company LLC (ITC), which is a corporation headquartered in New York. (ECF 1 at 3, ¶ 8.)

Venue of Plaintiff's claims is not proper in this district under Section 1391(b)(1) based on the residence of defendants; all defendants are not residents of New York. Venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred.

Finally, for purposes of venue under Section 1965(a), the allegations do not suggest that Defendants, a Texas attorney and a law firm outside New York, transact their affairs in New York. Plaintiff's allegations regarding Defendants' transmission of an order involving him to New York do not suffice. *Corso v. Franz*, No. 16-CV-2384 (FBS) (MG), 2018 WL 1513639, at

2

\*3 (E.D.N.Y. Mar. 27, 2018) ("[T]he Court agrees with its colleague that [o]ccasional acts such as telephoning or mailing letters into a state are not sufficient to constitute 'transacting affairs' under 18 U.S.C. § 1965(a)") (citation omitted).

Moreover, even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). Venue does lie in the Southern District of Texas, Houston Division, 28 U.S.C. § 124(b)(2), where Defendants reside and the events giving rise to the claims occurred.

In determining whether transfer under Section 1404(a) is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Texas, where all parties reside and where Plaintiff has a pending action against one of the same defendants, *Frazier*, No. 4:25-CV-02081 (S.D. Tx.). Accordingly, the Court transfers this action to the United States District Court for the Southern District of Texas. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)

("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Texas, Houston Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 28, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge